IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00956-CMA-BNB

ANGELO MARTINEZ,

Petitioner,

v.

TIM HAND, Assistant Director, Colorado Board of Parole,

Respondent.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #4, filed 5/31/07] (the "Application") by Angelo Martinez (the petitioner). I respectfully RECOMMEND that the Application be DENIED.

The petitioner is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* petitioner. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Application asserts two claims. Claim One alleges that, in violation of the Due Process Clause, the petitioner was not given an opportunity to be heard during his parole hearing on March 20, 2007, and he was denied the information the Parole Board would rely on to make its decision. *Application*, p. 3. Claim Two alleges that the Parole Board violated the petitioner's equal protection rights because he was treated differently due to his mental disabilities. Id. The petitioner seeks "a complete investigation into the facts that is [sic] in issue before the Court, any

and all other relief that this court deem is propare [sic] and just for being deprived of his constitutional rights under the Colorado State Law." Id. at p. 5.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriquez, 411 U.S. 475, 484 (1973). A challenge to the duration of custody is properly brought under 28 U.S.C. § 2241. McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997) (stating that a habeas proceeding attacks the fact or duration of confinement and seeks the remedy of shortened confinement or immediate release). An action pursuant to 42 U.S.C. § 1983 is the proper remedy for making a constitutional challenge to the actions of a state official, but not to the fact or length of custody. Preiser, 411 U.S. at 499.

To the extent the petitioner is requesting that the court address alleged unconstitutional actions by Parole Board officials, he is asserting a claim pursuant to 42 U.S.C. § 1983. This action is brought as an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. If the petitioner wishes to assert a claim against Parole Board officials for violating his civil rights, he must do so in a separate prisoner civil rights action under section 1983.

Insofar as the petitioner is challenging the decision of the Parole Board, a Parole Board decision may not be reversed by a court unless it is arbitrary or capricious and is an abuse of discretion. Misasi v. United States Parole Commission, 835 F.2d 754, 758 (10th Cir. 1987). "Where the denial of parole rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right." Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998) (citation and quotations omitted). The Parole Board denied the petitioner release on parole because of "Aggravating Factors/Inadequate Time Served

(Circumstances of the Offense; Needs More Time)." This reason for denying parole is not arbitrary or capricious and is not an abuse of discretion. Schuemann v. Colorado State Board of Adult Parole, 624 F.2d 172, 174 (10th Cir.1980) (holding that the Parole Board's determination that an inmate had not served sufficient time for a serious offense is "a sufficient and proper reason" to deny parole).

Moreover, the petitioner's due process rights are triggered only if he has been deprived of a protected liberty or property interest. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The United States Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979). Therefore, the plaintiff does not have a constitutionally created liberty interest in eligibility for parole. Although a state may create a liberty interest by including mandatory language in a parole statute which limits the parole board's discretion or otherwise creates a presumption of release, id. at 8-11, the plaintiff possesses "no vested right in a particular parole date or parole hearing eligibility date." Chambers v. Colorado Dept. of Corrections, 205 F.3d at 1242. The Colorado State parole statute gives the Colorado State Parole Board "sole power to grant or refuse to grant parole." § 17-2-201(5)(a), C.R.S.

### III.  CONCLUSION

I respectfully RECOMMEND that the Application be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated April 27, 2009.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge